**FILED**

**June 16, 2015**

**TN COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**

**Time: 9:52 AM**



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

| | |
|---|---|
| **ROBIN VELSOR,** | **Docket No.:** 2015-06-0036 |
| **Employee,** | |
| **v.** | **State File No.:** 55635-2014 |
| | |
| **AMAZON.COM, INC.,** | **Date of Injury: July 11, 2014** |
| **Employer,** | |
| **and** | **Judge: Pamela B. Johnson** |
| | |
| **ZURICH AMERICAN INS. CO.,** | |
| **Insurance Carrier.** | |

# EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Robin Velsor (Ms. Velsor), pursuant to Tennessee Code Annotated section 50-6-239. The Request for Expedited Hearing sought the Court's ruling based on a review of the record without an evidentiary hearing. Upon review of Ms. Velsor's Request for Expedited Hearing, the record as a whole, and in consideration of the applicable law, the Court enters the following order holding that Ms. Velsor is not entitled to temporary disability or medical benefits.

### Issues

*Whether Ms. Velsor sustained an injury on July 11, 2014, arising primarily out of and in the course and scope of her employment with Amazon.com, Inc. (Amazon);*

*If so, whether Ms. Velsor is entitled to a panel of physicians; and*

*Whether Ms. Velsor is entitled to past or future temporary disability benefits.*

### Evidence Submitted

The Court designated the following as the Technical Record:

- Petition for Benefit Determination (PBD), filed January 23, 2015;
- Ms. Velsor's Position Statement, filed January 23, 2015;

1

- Amazon's Position Statement, dated February 5, 2015;
- Dispute Certification Notice, filed March 18, 2015;
- Request for Expedited Hearing, filed April 14, 2015;
- Employer's Objection to Employee's Request for Medical and Temporary Benefits, filed April 20, 2015; and
- Order of Transfer, filed May 4, 2015.

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed and relied upon the following:

- First Report of Work Injury, Form C-20;
- Notice of Denial of Claim for Compensation, Form C-23;
- Wage Statement, Form C-40;
- Choice of Physician, Form C-42;
- Medical Records of Amcare (5 pages); and
- Medical Records of Dr. Jeffrey Hazlewood (2 pages).

**History of Claim**

Ms. Velsor worked for Amazon as an order picker. On July 11, 2014, Ms. Velsor allegedly injured her lower back while lifting and stacking totes and bins. *See* PBD. Ms. Velsor timely reported the alleged work injury. *See* Exhibit 1.

On July 12, 2014, Ms. Velsor sought medical treatment from Amcare. Ms. Velsor reported left lower back pain, which occurred while lifting a bin. The Amcare medical providers instructed Ms. Velsor to apply ice as needed and return the following day. Ms. Velsor continued to treat with Amcare through July 20 for application of ice treatments. On July 21, Ms. Velsor returned to Amcare, reported increased pain, and requested "outside medical treatment." *See* Exhibit 5.

Amazon provided a panel of physicians and Ms. Velsor selected Dr. Hazlewood on July 21, 2014. *See* Exhibit 4. Ms. Velsor reported to Dr. Hazlewood that she "sustained an injury 7/11/2014 working at Amazon as an order picker" while "stacking a 7 lb. tote on top of another tote at about waist level." *Id.* Ms. Velsor further reported that she "was getting a lot better and was about 75% improved until this morning when she was putting on her pants and had increased pain again." Dr. Hazlewood reviewed the records of Amcare and noted the records confirmed the history described by Ms. Velsor. Dr. Hazlewood noted Ms. Velsor sustained a back injury seven (7) years previously at a prior employer, resulting in a ruptured disc at L4-5, which resolved with physical therapy. *Id.* Dr. Hazlewood noted that Ms. Velsor showed "significant atypical pain behavior with very slow movements and deep breathing." *Id.* Dr. Hazlewood's impression was:

> Low back pain described as severe. She has significant atypical pain behavior today vs. behavior seen with someone with a large disc herniation. I can't isolate any radicular symptoms or radiculopathy by examination. She has some non-anatomical

motor weakness, but nothing that fits focally. I can't rule out the possibility of upper lumbar disc herniation on the left.

*Id.*

Dr. Hazlewood further stated:

First of all given the new law 7/1/2014, I must address causation issues. It is my opinion that given the mechanism of injury[,] I cannot state that she would have a disc herniation with this event. She was simply bending using appropriate mechanics lifting a 7 lb. object, and such a maneuver by the literature should not cause in my opinion a disc herniation. This would be the only explanation for the pain I am seeing today vs. symptom magnification. Giving her the benefit of the doubt and assuming she may have a disc herniation, again I can't state that lifting a 7 lb. tote as she described should cause the disc herniation. Just because she has pain that occurs while she is at work doesn't mean the job "caused the pain" or an injury. This is not a situation where she suffered any harmful event to her body as "related to work[.]"

*Id.* On July 27, 2014, Amazon's carrier issued a Notice of Denial of Claim for Compensation. *See* Exhibit 2.

Ms. Velsor filed a Petition for Benefit Determination on January 23, 2015. The parties did not resolve the disputed issues through mediation and the Mediating Specialist filed the Dispute Certification Notice on March 18, 2015. On April 14, 2015, Ms. Velsor filed a Request for Expedited Hearing. On April 20, 2015, Amazon filed an Objection to Ms. Velsor's Request for Medical and Temporary Benefits. This Court conducted a record review only upon Ms. Velsor's request and absent objection of Amazon.

### Ms. Velsor's Contentions

Ms. Velsor contends that she sustained a workers' compensation injury at Amazon on July 11, 2014, while working as an order picker stacking totes. She sustained injuries to her left, lower back. She immediately reported the injury to Zach Cherry at Amazon. Ms. Velsor initially received authorized treatment at Amcare, the on-site medical clinic. During her initial visit, Ms. Velsor's pain level was ten out of ten. After several visits at Amcare, Ms. Velsor sought treatment from Dr. Hazlewood, who confirmed Ms. Velsor's medical history after review of the Amcare records. Amazon inappropriately denied the claim. Mr. Velsor claims entitlement to medical benefits as well as past and future temporary disability benefits.

### Amazon's Contentions

Amazon contends Ms. Velsor is not entitled to workers' compensation benefits as a result of the July 11, 2014 alleged injury, which occurred while she lifted a tote weighing

approximately seven pounds. Dr. Hazlewood evaluated Ms. Velsor on July 24, 2014, and noted "significant atypical pain behavior" and stated "[t]his is not a situation where she suffered any harmful event to her body as a related to work." Dr. Hazlewood's report further indicated that for Ms. Velsor to experience the symptoms she complained, then Ms. Velsor either sustained a disc herniation or demonstrated symptom magnification. Dr. Hazlewood stated that his examination did not indicate any other symptoms of a disc herniation. Based upon Dr. Hazlewood's findings, Amazon avers that the denial of the claims was proper. Amazon asserts that the opinion of Dr. Hazlewood, as the authorized treating physician, shall be presumed correct on the issue of causation. Ms. Velsor has not presented contrary evidence and failed to satisfy her burden of proof.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. section 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at Expedited Hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A Workers' Compensation Judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014); *McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

### *Factual Findings*

The Court finds that Mr. Velsor reported an injury to her low back on July 11, 2014, which she alleged occurred when she lifted and stacked totes and bins at Amazon. The alleged work injury was timely reported. Amazon provided authorized medical treatment at the on-site medical clinic, Amcare, and then provided a panel of physicians when Ms. Velsor requested further treatment. Ms. Velsor selected Dr. Hazlewood from the panel of physicians as her authorized treatment physician. Dr. Hazlewood stated "[t]his is not a situation where she suffered any harmful event to her body as "related to work[.]"

*Application of Law to Facts*

The Tennessee Workers' Compensation Act defines "injury" and "personal injury" as an injury by accident,… arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee; provided, that:

(A) An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment;

(B) An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;

(C) An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes;

(D) "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility;

(E) The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence.

Tenn. Code Ann. § 50-6-102(13) (2014).

In the present case, a review of the records reveals that Ms. Velsor reported a specific incident, identifiable by time and place, which occurred while she performed her job duties at Amazon. The issue then turns to whether the July 11, 2014 incident resulted in an injury arising primarily out of and in the course and scope of her employment at Amazon, and shown by a reasonable degree of medical certainty. The only medical opinion contained in the record before this Court that addressed causation is the report of Dr. Hazlewood, an authorized treating physician selected from a panel of physicians. Dr. Hazlewood indicated "[t]his is not a situation where she [Ms. Velsor] suffered any harmful event to her body as "related to work[.]" Ms. Velsor failed to offer a contrary opinion to rebut Dr. Hazlewood's opinion. Accordingly, based on a review of the present record, this Court finds that Ms. Velsor is not likely to prevail at a hearing on the merits.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim of Ms. Velsor against Amazon or its workers' compensation carrier for the requested temporary disability and medical benefits is denied at this time.

2. This matter is set for Initial Hearing on July 15, 2015, at 9:00 a.m. central time/ 10:00 a.m. eastern time.

**ENTERED this the 16th day of June, 2015.**

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set for July 15, 2015, at 9:00 a.m. central time/ 10:00 a.m. eastern time with Judge Pamela B. Johnson, Court of Workers' Compensation Claims. You must call 855-543-5041 or toll free at 865-594-0091 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10)

6

calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of June, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Mark A. Lambert, Esq. | | | X | mlambert@forthepeople.com |
| Charles E. Pierce, Esq. | | | X | cepierce@mijs.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov